## APPEAL OF JAMES F. HOEY.

Docket No. 6155.    Decided September 25, 1926.

*William E. Howe, C. P. A.*, for the petitioner.
*George G. Witter, Esq.*, for the Commissioner.

STERNHAGEN: The petitioner sold his laundry business in 1922 for $200,000 and in his tax return he included no part thereof, on the theory that the price was not in excess of its value on March 1, 1913. The deficiency letter is not before us, but we are told that the Commissioner regarded part of the sale price as gain and so determined the deficiency of something over $28,000. The petitioner now contends that the business assets had a certain value on March 1, 1913, including a value for good will and a value for buildings. But there is nothing in the record which attains the dignity of evidence. The petitioner took the witness stand but had no facts. His recollection was dim as to actual cost, he had kept no systematized accounts and such as he kept were not in court, and his idea of value on March 1, 1913, was based on no knowledge of what an intelligent estimate might require. Any findings of fact supported by such a record would be futile.

The petitioner now urges that if he is to be taxed on a gain from the sale, he is entitled to have such tax computed under section 206 of the Revenue Act of 1921. The Commissioner admits that the properties sold were capital assets but relies on the petitioner's failure when he filed his return to elect to be so taxed. The statute does not restrict the time of election. Here the petitioner says he expressed no election because he believed he had a net loss and hence there was no occasion for an election. We are of opinion that under such circumstances the capital net gain provision is still available to him to the extent it may be applicable. Since the facts before us are inadequate to enable us to apply this section we can only affirm the Commissioner's determination.

*Judgment for the Commissioner.*